# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | Case No. 1:16-cv-00031-DAD-SAB |
|---|---|
| Plaintiff, | FINDINGS AND RECOMMENDATIONS RECOMMENDING GRANTING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT |
| v. | |
| BYRON K. SANDERS, | (ECF No. 12) |
| Defendant. | OBJECTIONS DUE WITHIN FOURTEEN DAYS |

Currently before the Court is Plaintiff United States of America's (hereafter Plaintiff or the Government) motion for default judgment. A hearing on the motion was held on September 20, 2016. Counsel Boris Kukso appeared for Plaintiff. Defendant Byron K. Sanders (hereafter Defendant) did not appear for the hearing. Having considered the moving papers and the Court file, the Court issues the following findings and recommendations.

**I.**

**BACKGROUND**

Defendant Sanders filed federal tax returns for tax years 1994 through 2003 and reported taxable income and taxes due. (Compl. ¶ 6.) For tax years 2007 through 2009, Plaintiff did not file federal income tax returns. (Compl. ¶ 7.) A duly authorized delegate of the Secretary of the Treasury made timely assessments against Defendant for unpaid federal income taxes, penalties,

interest, and other statutory additions in the amount of $281,253.05.  (Compl. ¶ 8.)  A timely notice and demand for payment of these assessments was made to Plaintiff as required by 26 U.S.C. § 6303.  (Compl. ¶ 9.)  Defendant did not make full payment of the assessed amounts to the United States.  (Compl. ¶ 10.)

On January 8, 2016, Plaintiff filed a complaint seeking to reduce Plaintiff's unpaid federal income tax liabilities to judgment.  (ECF No. 1.)  A first amended complaint was filed on February 3, 2016, to correct the spelling of Defendant's name.  (ECF No. 2.)  On June 24, 2016, Plaintiff filed a proof of service showing that Defendant Sanders was served by substituted service on May 29, 2016.[1]  (ECF No. 7.)  On July 14, 2016, at the request of Plaintiff, the Clerk's Office entered default against Defendant.  (ECF Nos. 8, 9.)  On August 17, 2016, Plaintiff filed a motion for entry of default judgment.  (ECF No. 12.)  Hearing on the motion was continued to September 20, 2016.  (ECF No. 13.)

## II.

## LEGAL STANDARD

Entry of default judgment is governed by Federal Rule of Civil Procedure 55(b), which states, in pertinent part:

> (2) **By the Court.**  In all other cases[2], the party must apply to the court for a default judgment.  A default judgment may be entered against a minor or incompetent person only if represented by a general guardian, conservator, or other like fiduciary who has appeared.  If the party against whom a default judgment is sought has appeared personally or by a representative, that party or its representative must be served with written notice of the application at least 7 days before the hearing.  The court may conduct hearings or make referrals—preserving any federal statutory right to a jury trial—when, to enter or effectuate judgment, it needs to:

---

[1] Under federal law the summons may be served by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or (2) doing any of the following: (A) delivering a copy of the summons and of the complaint to the individual personally; (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process."  Fed. R. Civ. P. 4(e).  In this instance, Plaintiff served the complaint by leaving copies of the summons and complaint with a female occupant of Defendant's last known residence who was 19 years of age and thereafter mailing the copies of the documents to the person to be served at the address.  (ECF No. 7.)  Plaintiff has demonstrated that service was proper under federal and California law.  See Cal. Code Civ. Proc. § 415.20(b).

[2] Rule 55(b)(1) governs entry of default judgment by the clerk in cases where the plaintiff's claim is for a sum certain or a sum that can be made certain by computation, which does not apply in this case.

2

        (A)  conduct an accounting;
        (B)  determine the amount of damages;
        (C)  establish the truth of any allegation by evidence; or
        (D)  investigate any other matter.

Upon entry of default, the complaint's factual allegations regarding liability are taken as true. Geddes v. United Financial Group, 559 F.2d 557, 560 (9th Cir. 1977); Garamendi v. Henin, 683 F.3d 1069, 1080 (9th Cir. 2012). However, the complaint's factual allegations relating to the amount of damages are not taken as true. Geddes, 559 F.2d at 560. Accordingly, the amount of damages must be proven at an evidentiary hearing or through other means. Microsoft Corp. v. Nop, 549 F.Supp.2d 1233, 1236 (E.D. Cal. 2008). "[N]ecessary facts not contained in the pleadings, and claims which are legally insufficient, are not established by default." Cripps v. Life Ins. Co. of North America, 980 F.2d 1261, 1267 (9th Cir. 1992). Pursuant to Federal Rule of Civil Procedure 54(c), "[a] default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings."

Entry of default judgment is committed to the Court's discretion. Eitel v. McCool, 782 F.2d 1470, 1471 (9th Cir. 1986). The Ninth Circuit has set forth the following factors for the court is to consider in exercising its discretion:

> (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

Eitel, 782 F.2d at 1471-72.

## III.

## DISCUSSION

Plaintiff seeks to reduce Defendant's tax liabilities for the years from 1994-2003 and 2007-2009 to judgment.

### A.    Jurisdiction

The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1340 (district courts shall have original jurisdiction of any civil action arising under any Act of Congress providing for internal revenue) and 1345 (district courts shall have original jurisdiction of all civil actions,

suits or proceedings commenced by the United States, or by any agency or officer thereof expressly authorized to sue by Act of Congress), and 26 U.S.C. § 7402 (as relevant here district courts of the United States shall have such jurisdiction to render such judgments and decrees as may be necessary or appropriate for the enforcement of the internal revenue laws). This is an action brought by the United States to enforce the internal revenue laws. Further, venue is proper as the defendant resides and accrued tax liabilities in this judicial district. 28 U.S.C. § 1391, 1396.

### B. Eitel Factors Weigh in Favor of Granting Default Judgment

The Court considers the factors set forth in Eitel to determine if default judgment is appropriate: (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits. Eitel, 782 F.2d at 1471-72.

#### 1. Prejudice to Plaintiff

The first factor considered is whether the plaintiff will suffer prejudice if default judgment is not entered. Potential prejudice to the plaintiff favors granting default judgment. PepsiCo, Inc. v. California Sec. Cans, 238 F.Supp.2d 1172, 1177 (C.D. Cal. 2002). Plaintiff argues that it would suffer prejudice absent entry of default because it would be without a remedy to collect the substantial tax assessments owed by Defendant who has not voluntarily paid his tax liabilities.

Here, the Government has moved for default judgment seeking to reduce tax assessments to judgment and would be prejudiced if default judgment is not entered. There is no other means by which the Government can recover damages due to the defendant's failure to comply by paying the tax assessments. Denying default would frustrate the system set in place to collect delinquent federal income taxes and would prejudice the public treasury. Key Bank Nat. Ass'n v. Van Noy, No. CIV 07-1076-HU, 2008 WL 4646045, at *7 (D. Or. Oct. 17, 2008). This factor weighs in favor of granting default judgment.

1         2.       <u>Merits of the Substantive Claim and Sufficiency of the Complaint</u>

2     Due to the related of the merits of the substantive claim and the sufficiency of the
3 complaint, the Court considers these two factors together.  This requires the Court to consider if
4 the plaintiff has alleged sufficient facts to state a claim on which the plaintiff could recover the
5 relief sought.  <u>Danning v. Lavine</u>, 572 F.2d 1386, 1389 (9th Cir. 1978).

6      Plaintiff's complaint has set forth facts to establish the statutory authority to bring this
7 action, the nature of the tax assessments and the monetary amounts at issue, and that the statutory
8 notice requirements for properly assessing tax liabilities have been met.  The complaint alleges
9 that this action is commenced at the direction of the Attorney General of the United States and
10 with the authorization of the Chief Counsel of the Internal Revenue Service who is a delegate of
11 the Secretary of the Treasury. (Compl. ¶ 2.)  The action is brought pursuant to 26 U.S.C. § 7401
12 which provides that a civil action can be commenced by the Attorney General or a delegate with
13 the authorization of the Secretary of the Treasury. (Compl. ¶ 2.)  Collection of the penalties and
14 interest sought are authorized by 26 U.S.C. §§ 6321, 6322, and 6331(a).  The complaint sets
15 forth in detail the nature of the tax assessments and the monetary amounts owed for each tax
16 period. (Compl. ¶ 8.)  The complaint also alleges that Defendant was provided timely notice and
17 a demand for payment of tax assessments as required by 26 U.S.C. § 6303.  (Compl. ¶ 9.)
18 Despite this notice, Defendant has failed to make full payment of his tax liabilities.  (Compl. ¶
19 10.)

20     As further addressed below, Plaintiff has provided certificates of assessment supporting
21 the amounts assessed against the defendant.  Accordingly, the Court finds that Plaintiff's claim is
22 sufficiently pled and supported by the evidence submitted in connection with this motion.
23 Plaintiff has stated a meritorious claim and these factors favor the entry of default judgment.

24         3.       <u>Sum of Money at Stake in Motion</u>

25     The Court next considers "the amount of money at stake in relation to the seriousness of
26 Defendant's conduct." <u>PepsiCo, Inc. v. California Sec. Cans</u>, 238 F.Supp.2d at 1176.  Plaintiff is
27 seeking to reduce to judgment $280,692.10 for tax assessments dating from the mid 1990's.
28 While this amount is not insubstantial, Defendant has received fair notice of this action and had

an opportunity to defend his interests. Defendant has declined to defend his interest in this action. In this instance, the Court finds that this factor does not mitigate against entry of default judgment.

### 4. Possibility of Dispute

The Court must also consider the possibility that there is a dispute as to any material facts in the action. Philip Morris USA, Inc. v. Castworld Prod., Inc., 219 F.R.D. 494, 500 (C.D. Cal. 2003). Upon entry of default all well pled material facts in the complaint are taken as true, except for those related to damages. TeleVideo Sys., Inc. v. Heidenthal, 826 F.2d 915, 917 (9th Cir. 1987). Plaintiff has set forth sufficient factual allegations to state a claim that Defendant owes federal income taxes and has refused to pay his tax assessments. Given that these material facts are taken as true due to Defendant's default, there is no genuine dispute of material fact to preclude granting the motion for default judgment. This factor weighs in favor of granting default judgment.

### 5. Possibility of Excusable Neglect

Next, the Court considers the possibility that Defendant's default was the result of excusable neglect. "Due process requires that all interested parties be given notice reasonably calculated to apprise them of the pendency of the action and be afforded opportunity to present their objections before a final judgment is rendered." Philip Morris USA, Inc., 219 F.R.D. at 500.

As discussed above, Defendant has been properly served with the summons and complaint. Defendant was also served with the request for entry of default, this motion for default judgment, and the order continuing the motion hearing. (ECF No. 8 at 3; ECF No. 12 at 4; ECF No. 14.) Given this notice, it is unlikely that Defendant's failure to respond in this action is due to excusable neglect. This factor weighs in favor of entry of default judgment.

### 6. Policy of Deciding Cases on the Merits

While there is a strong policy of deciding cases on the merits whenever reasonably possible, Eitel, 782 F.2d at 1472, "the mere existence of Fed. R. Civ. P. 55(b) indicates that the seventh Eitel factor is not alone dispositive[,]" Philip Morris USA, Inc., 219 F.R.D. at 501.

1 Furthermore, Defendant's failure to respond to the complaint makes it impractical, if not
2 impossible, to decide the action on the merits. Id.
3       Despite the strong policy for deciding cases on the merits, the Court finds that the Eitel
4 factor weigh in favor of granting the motion for default judgment. Accordingly, the Court
5 recommends that default judgment be granted.
6       **C.    Damages**
7       The Government seeks entry of default in the amount of $280,692.10 plus interest
8 according to 28 U.S.C. § 1961(c) and 26 U.S.C §§ 6601, 6621, and 6622 from August 15, 2016
9 until paid in full. In support of their claim for damages, the Government submits Certificate of
10 Assessment and Payments (Form 4340) which indicate that notice of the assessments were
11 issued. (ECF No. 12-3.) "It is settled in this circuit that Certificates of Assessments and
12 Payments are 'probative evidence in and of themselves and, in the absence of contrary evidence,
13 are sufficient to establish that ... assessments were properly made.' " Koff v. United States, 3
14 F.3d 1297, 1298 (9th Cir. 1993) (quoting Hughes v. United States, 953 F.2d 531, 540 (9th
15 Cir.1992)). The Form 4340 establishes that the assessments have been made and Defendant has
16 received notice. Hughes, 953 F.2d at 535; Hansen v. United States, 7 F.3d 137, 138 (9th Cir.
17 1993).
18       Plaintiff has provided copies of filed tax returns for those years which they are available
19 and Information Return Program ("IRP") statements for those years which the tax was calculated
20 based on data reported by third parties. (ECF Nos. 12-4, 12-5.) Plaintiff has submitted the
21 INTSTD printouts for each year showing the total due for each year. (ECF No. 12-6.)
22 According to these printouts, the total due for each tax year is as follows:

| Tax Year | Amount Owed |
| --- | --- |
| 1994 | $25,979.55 |
| 1995 | $31,683.04 |
| 1996 | $19,880.58 |

| 1997 | $6,436.32 |
|---|---|
| 1998 | $22,838.19 |
| 1999 | $21,199.86 |
| 2000 | $29,075.92 |
| 2001 | $19,226.27 |
| 2002 | $18,432.70 |
| 2003 | $20,441.51 |
| 2007 | $20,753.38 |
| 2008 | $16,932.46 |
| 2009 | $27,812.32 |
| Total Due | $280,692.10 |

The Court finds that Plaintiff has met its burden of demonstrating that Defendant Sanders has accrued tax assessments, penalties, interest and fees in the amount of $280,692.10 and recommends that Plaintiff be awarded $280,692.10.

Plaintiff also seeks post judgment interest on the award. "Under the provisions of 28 U.S.C. § 1961, post judgment interest on a district court judgment is mandatory." Air Separation, Inc. v. Underwriters at Lloyd's of London, 45 F.3d 288, 290 (9th Cir. 1995). Pursuant to section 1961(c) interest on the award is governed by section 6621 of the Internal Revenue Code. Accordingly, the Court recommends that post judgement interest be awarded until the judgment is paid in full.

## III.

## CONCLUSION AND ORDER

Based on the foregoing, it is HEREBY RECOMMENDED that:

1. Plaintiff's motion for default judgment against Defendant Byron K. Sanders be GRANTED; and

2. Judgment be entered against Byron K. Sanders and in favor of the United States

in the amount of $280,692.10, plus interest according to 28 U.S.C. § 1961(c) and 26 U.S.C. §§ 6601, 6621, and 6622, from August 15, 2016, until paid in full.

These findings and recommendations are submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 304. Within fourteen (14) days of service of this recommendation, any party may file written objections to these findings and recommendations with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **September 20, 2016**

UNITED STATES MAGISTRATE JUDGE